IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TINA MARIE JANNICELLI,

    Plaintiff,                            No. 2:12-cv-01678 CKD

    vs.

MICHAEL J. ASTRUE,                     <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
_____/

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). In her motion for remand, plaintiff principally contends that the Administrative Law Judge ("ALJ") erred in his assessment and evaluation of the record. For the reasons discussed below, the court will grant plaintiff's motion for remand, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

1

BACKGROUND

Plaintiff, born on October 26, 1966, applied for SSI benefits on July 31, 2008, alleging disability beginning on May 15, 2007.[1] Administrative Transcript ("AT") 22, 132-38. Plaintiff alleged she was unable to work due to fibromyalgia, scoliosis, migraine headaches, mental impairments, knee and neck problems, and general pain. AT 164. In a decision dated July 22, 2010, the ALJ determined that plaintiff was not disabled.[2] AT 22-30. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since July 31, 2008, the application date.

/////

---

[1] Under the Act, payment of SSI benefits is precluded for any months prior to the month the application was filed, regardless of the alleged onset date of disability.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

|   |   |
|---|---|
| 2. | The claimant has the following severe impairments: fibromyalgia syndrome and pain disorder. |
| 3. | The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. |
| 4. | After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in [the regulations] except she cannot climb ladders, ropes, or scaffolds, should avoid work around heights or hazardous machinery, and can perform simple, unskilled work. |
| 5. | The claimant has no past relevant work. |
| 6. | The claimant was born on October 26, 1966 and was 41 years old, which is defined as a "younger individual age 18-49," on the date the application was filed. |
| 7. | The claimant has at least a high school education and is able to communicate in English. |
| 8. | Transferability of job skills is not an issue because the claimant does not have past relevant work. |
| 9. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. |
| 10. | The claimant has not been under a disability, as defined in the Social Security Act, since July 31, 2008, the date the application was filed. |

AT 24-30.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in failing to recognize any limitations in connection with plaintiff's migraine headaches, (2) the ALJ committed reversible error in his rejection of the opinion from plaintiff's treating physician, Dr. Orman, and (3) the ALJ erred in his evaluation of plaintiff's credibility.

/////

3

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

This court's decision is based on the ALJ's assessment of treating physician Dr. Orman's medical opinion. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating

professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen, 80 F.3d at 1285.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

As to the medical opinions regarding plaintiff's physical impairments, the ALJ resolved conflicting medical opinions in favor of the non-examining State agency physicians over both the consultative examiner and the treating physician. The ALJ first gave "[g]reat weight" to the opinions of the non-examining State agency physicians in which it was determined that plaintiff could sit, stand, and walk for six hours in an eight-hour workday. AT 26. The ALJ reasoned that the State agency physicians' opinion "is consistent with the record as a whole, including Dr. Swillinger's examination findings." Id. The ALJ also noted that they based their opinion on "claimants' activities that include caring for animals, farm work, bead work, and yard work." Id. citing AT 421, 427-29.

Next, the ALJ gave "[s]ome weight" to consultative examiner Dr. Swillinger's opinion in which it was determined that plaintiff could stand and walk for four hours and sit for six hours in an eight-hour workday. AT 26. The ALJ took note of Dr. Swillinger's physical examination of plaintiff. In this examination plaintiff favored her right leg when walking and had some point tenderness in various areas but she could get on and off the examination table without difficulty, could stand on one foot without falling, had no deformities, had normal muscle bulk and tone, had normal grip strength, and had an intact sensory exam. AT 26-27. The ALJ reasoned that Dr. Swillinger's "examination and the record as a whole support slightly less restrictive standing and walking limitations." AT 27.

Lastly, the ALJ gave "[l]ittle weight" to treating physician Dr. Orman's opinion in which it was determined that plaintiff could stand and walk less than two hours and sit less than six hours in an eight-hour workday. AT 27. The ALJ reasoned that Dr. Orman's opinion "is inconsistent with his treatment notes, including notes dated the same day as his disability assessment that state the claimant is functional, a note that her fibromyalgia and headaches are doing well, a normal neurological examination, and negative straight leg raising test." Id. The ALJ also determined that "Dr. Orman's opinion is inconsistent with other evidence of record." Id.

The ALJ was required to set forth specific and legitimate reasons for assigning great weight to the non-examining State agency physicians' opinion and some weight to examining physician Dr. Swillinger's opinion while rejecting treating physician Dr. Orman's opinion. Lester, 81 F.3d at 830. Furthermore, in making his determination, the ALJ was required to consider the record as a whole. Howard, 782 F.2d at 1487. It was also necessary for the ALJ to weigh both evidence that supports and that which detracts from his conclusion. See Jones, 760 F.2d at 995. Plaintiff argues that the ALJ failed to provide legitimate reasons for rejecting treating physician Dr. Orman's opinion and to consider all of the evidence in the record, particularly that which detracted from his conclusion.

1          Plaintiff asserts that Dr. Orman's opinion is not inconsistent with his treatment
2  notes and that the ALJ mischaracterized those notes.  As the ALJ stated in his opinion, on
3  January 15, 2009, the same date Dr. Orman made plaintiff's disability assessment, Dr. Orman
4  made an examination note stating that plaintiff "is functional."  AT 397.  However, that note also
5  states that they "discussed her functional limitations" and that "she is not able to sit or stand for
6  any period of time, more than an hour, without constant breakthrough pain."  Id.  Thus, the ALJ
7  gave a misleading account of Dr. Orman's aforementioned note.
8          The ALJ's opinion cites Dr. Orman's treatment note from September 18, 2008,
9  which states plaintiff "has been doing well with her fibromyalgia and migraine headaches."  AT
10 400.  Plaintiff points out that Dr. Orman's treatment notes made both before and after this note
11 consistently reference pain caused by plaintiff's migraines and fibromyalgia.  AT 385-87, 389-
12 90, 397-98, 401-03.  Furthermore, in the note dated September 18, 2008, Dr. Orman stated that
13 the medication that was relieving plaintiff's pain, a Fentanyl patch, was causing a "significant
14 rash" where the patch was located.  Id.  On October 30, 2008, Dr, Orman's treatment note states
15 that plaintiff "continues to have a lot of pain" which cause her to be "less functional" and that the
16 Fentanyl patches continue to cause a rash although she "tried all different generic and brand
17 names."  AT 399.  All of the patches gave plaintiff a rash and blisters.  Id.  That these patches
18 irritate her skin was noted once more by Dr. Orman on November 13, 2008.  AT 398.  Thus, the
19 September 18, 2008 note does not provide a legitimate basis for finding that Dr. Orman's opinion
20 is inconsistent with his other treatment notes.
21         Finally, in regards to Dr. Orman's opinion being inconsistent with his treatment
22 notes, the ALJ also stated that on November 8, 2007, Dr. Orman noted that during a physical
23 examination with plaintiff she had a "[n]egative straight leg raise."  AT 389.  However, on
24 November 11, 2008, a year later, Dr. Orman noted that plaintiff "has positive straight leg test, left
25 and right."  AT 398.  Upon reviewing all of Dr. Orman's treatment notes, this contradiction
26 /////

1    seems to coincide with plaintiff's increased levels of pain caused by her fibromyalgia and
2    migraines.

3    Plaintiff also claims that Dr. Orman's opinion is not inconsistent with the record
4    as a whole. In stating that Dr. Orman's opinion was inconsistent with other evidence of record,
5    the ALJ cited to "a normal EMG, an MRI that revealed only very mild degenerative disc disease,
6    normal muscle bulk and tone, normal grip strength, and an intact sensory exam." AT 27.
7    Plaintiff argues that her appearance, grip strength, and sensory exam results are not indicators of
8    the levels of pain or debilitation resulting from her migraines and fibromyalgia. Plaintiff also
9    asserts that Dr. Orman's opinion is consistent with evidence in the record pertaining to the
10   frequency and severity of her migraines, the use of potent prescription medications to combat her
11   migraines and fibromyalgia, and numerous emergency room visits caused by persistent
12   migraines. See generally AT 317, 341-45, 360-64, 383-90, 397-403, 447-61, 468-73. Some of
13   these visits were due to migraine headaches that lasted for many days despite the use of
14   prescribed medications. The ALJ simply failed to discuss these aspects of the record.[3]

15   The ALJ cannot isolate evidence supporting his decision without weighing
16   evidence that detracts from it. See Jones, 760 F.2d at 995; see also Hammock, 879 F.2d at 501.
17   The ALJ failed to properly review Dr. Orman's treatment notes in assessing Dr. Orman's medical
18   opinion. Also, in finding that Dr. Orman's opinion is inconsistent with other evidence of record,
19   the ALJ failed to consider evidence on the record concerning the frequency and severity of
20   plaintiff's migraines. In particular, the ALJ failed to discuss the numerous instances where
21   plaintiff's migraines caused her to go to the emergency room.

22   Because the ALJ did not properly assess the whole record as discussed above, he
23   has failed to set forth specific and legitimate reasons for rejecting treating physician Dr. Orman's

---

[3] Plaintiff also claims "that the nonexaminer did not have an opportunity to review the additional records of hospitalization for migraines subsequent to his assessment." Based on the record it is not clear whether this is so, but this issue must be clarified on remand in order to properly assess the opinions of the non-examining physicians.

medical opinion that plaintiff could sit or stand for two hours in an eight-hour workday while crediting the non-examining State agency physicians' opinion that plaintiff could sit or stand for six hours in an eight-hour workday. This failure was exacerbated by the fact that consultative examiner Dr. Swillinger opined that plaintiff could not sit or stand for more than four hours in an eight-hour workday.

Failing to appropriately address the whole record also undermines the ALJ's findings on credibility and residual functional capacity. Although not discussed thoroughly here, in making his findings on credibility and residual functional capacity the ALJ often cited evidence in the record of plaintiff's daily activities. There was conflicting evidence in the record regarding plaintiff's daily activities and whether her ability to perform them had been diminished over time or heavily affected by her fibromyalgia and migraines. This evidence should have been, but was not, assessed by the ALJ.

For these reasons, this matter will be remanded so the whole record may be fully and properly addressed by the ALJ in his or her assessment of the medical opinions, plaintiff's credibility, and the resulting residual functional capacity.

CONCLUSION

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and for further findings addressing the deficiencies noted above. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand (ECF No. 13) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is denied;

/////
/////
/////
/////

3. This matter is remanded for further proceedings in accordance with this order; and,

4. Judgment is entered for plaintiff.

Dated: May 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD: 33